

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRUSH WELLMAN INC.**<br>17876 St. Clair Avenue<br>Cleveland, Ohio 44110<br><br>                       Plaintiff,<br><br>                v.<br><br>**JENERIC PENTRON INC.**<br>53 N. Plains Industrial Road<br>Wallingford, CT 06492-5808<br><br>              and<br><br>**PENTRON LABORATORY<br>TECHNOLOGIES, LLC**<br>53 N. Plains Industrial Road<br>Wallingford, CT 06492-5808<br><br>                      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. **03CV2305**<br><br>Judge: **JUDGE OLIVER**<br><br>**MAG. JUDGE VECCHIARELLI**<br><br>**COMPLAINT** |

Pursuant to 28 U.S.C. § 2201, Plaintiff Brush Wellman Inc. ("Brush"), for its Complaint against Defendants Jeneric Pentron Inc. and Pentron Laboratory Technologies, LLC seeking declaratory and other relief, states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Brush is, and at all times relevant to this action was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Cleveland, Ohio. Brush is therefore a citizen of Ohio.

2. Defendant Jeneric Pentron, Inc. ("Jeneric Pentron") is, and at all times relevant to this action was, a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Wallingford, Connecticut. Jeneric Pentron, Inc. is therefore a citizen of Connecticut.

CLI-1135626v1

3.  Defendant Pentron Laboratory Technologies, LLC ("PLT") is, and all times relevant to this action was, a limited-liability company organized and existing under the laws of the State of Connecticut with its principal place of business located in Wallingford, Connecticut. PLC is therefore a citizen of Connecticut. Upon information and belief, PLT is a subsidiary of Jeneric Pentron and has assumed all of Jeneric Pentron's obligations and liabilities that are at issue in this lawsuit.

4.  This Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  This Court has personal jurisdiction over the Defendants because they have done business in and have continuing contacts with Ohio. The causes of action asserted in this suit arise out of the Defendants' contacts with Ohio.

6.  Venue is proper in this District because a substantial part of the events giving rise to the claims for relief occurred in this District.

7.  This is an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties, as more fully described below, as well as other appropriate relief.

## FACTUAL BACKGROUND

8.  Throughout the 1980s and 1990s, Brush and Jeneric Pentron entered into sales agreements under the terms of which Brush agreed to provide Jeneric Pentron with vacuum cast beryllium. Jeneric Pentron used beryllium in the manufacture of dental alloys that consisted primarily of nickel and other metals, including chrome, molybdenum, aluminum, titanium, and cobalt. As part of its manufacturing process, Jeneric Pentron melted the beryllium purchased from Brush and alloyed it with the other metals. The resulting alloys contained less than 2%

beryllium. Jeneric Pentron thus transformed the materials it received from Brush and other suppliers into an entirely new and different product.

9. As part of the sales transactions between Jeneric Pentron and Brush, Jeneric Pentron entered into written indemnification and hold harmless agreements ("Indemnification Certificates") with Brush, whereby Jeneric Pentron promised and agreed that it would indemnify and hold Brush harmless against any losses, damages, or expenses relating in any way to beryllium, including specifically any lawsuits by customers of Jeneric Pentron or by any other third parties.

10. The Indemnification Certificates were accompanied by cover letters that stated:

> Brush Wellman Inc. is requiring all purchasers of beryllium powder, beryllium chemicals, beryllium vacuum cast lump and beryllium oxide powders agree to, and sign, an indemnification certificate that holds Brush Wellman Inc. harmless against any demands, claims, lawsuits, liability, damage, judgment, expense or loss relating in any way to beryllium which Brush Wellman Inc. may incur or become subject to by reason of its sale, supply or shipment of beryllium-containing products to the purchaser.

The letters further explain that "[t]he reason [Brush is] requiring this certificate is to make sure [Brush's] customers recognize the fact that Brush Wellman's liability ends after properly informing the customer of the potential toxicity and health hazards associated with handling beryllium." A copy of one of the cover letters is attached, marked as Exhibit A, and incorporated by reference.

11. The Indemnification Certificates attached to the cover letters and executed by Brush and Jeneric Pentron contained two paragraphs. In the first paragraph, Jeneric Pentron acknowledged that it had received warnings from Brush and was aware of the hazardous nature of beryllium. The paragraph states that:

> Jeneric/Pentron, Inc., (hereinafter referred to as Buyer) represents and warrants to Brush Wellman Inc. (hereinafter Seller as defined below) that from Buyer's own review and study, Buyer

>is fully aware of, and knowledgeable about; (a) the health hazards associated with beryllium including specifically the melting of beryllium, and the handling of metallic beryllium powder and chemicals; (b) the industrial hygiene controls necessary to protect its workers from the health hazards associated with beryllium; (c) the need to adequately warn of the health hazards associated with beryllium; and (d) the governmental regulations regarding the use of beryllium products. Buyer further represents and warrants that, although additional warnings regarding the health hazards posed by beryllium are unnecessary given its own knowledge, Seller has fully and adequately warned Buyer of such health hazards.

Copies of Indemnification Certificates are attached, marked as Exhibits B-F, and incorporated by reference.

12. In the second paragraph of the Indemnification Certificates, Jeneric Pentron agreed to indemnify Brush and hold Brush harmless against any claims related to beryllium:

>The Buyer agrees to indemnify and hold harmless Seller, its subsidiaries, affiliates, successors, assigns, directors, officers, employees, agents and representatives (collectively "Seller") against any demands, claims, lawsuits, liability, damage, judgment, expense or loss (including legal fees, expenses and costs) relating in any way to beryllium (including without limitation its use, sale or supply; method of fabrication by Buyer; its quality of merchantability; health hazards associated with its use; or, any warnings or protective devices) which Seller may incur or become subject to by reason of its sale, supply or shipment of beryllium-containing products to Buyer, including without limitation any claims or lawsuits by employees of the Buyer, by any customer of the Buyer, or by any other third party. In the event any such demands, claim or lawsuit is brought against Seller, Buyer will fully cooperate with Seller in defending such demand, claim or lawsuit.

13. The Indemnification Certificates were part of the underlying sales transactions, and, as such, the consideration for the Indemnification Certificates was the beryllium that Brush provided to Jeneric Pentron.

14. Brush fully performed its obligations under the terms of the sales agreements.

15. After Brush sold the beryllium to Jeneric Pentron, the Defendant, its agents, servants, and employees were in sole possession and control of the beryllium.

16. In 2003, two separate complaints were filed in Texas and Florida state courts against both Brush and Jeneric Pentron. The cases are entitled <u>Millangue, et al. v. Jeneric/Pentron, Inc., et al.</u>, Case No. 02-62300-4, Nueces County, Texas, and <u>Simon, et al. v. Brush Wellman, Inc., et al.</u>, Case No. 03-CA-6597-AO, Palm Beach County, Florida. In each of the cases, the plaintiffs allege that an employee of a customer of Jeneric Pentron or its distributors sustained personal injuries related to exposure to beryllium in Jeneric Pentron's dental alloys. The claims arise directly out of Jeneric Pentron Inc.'s use of the beryllium sold to it by Brush. The <u>Millangue</u> and <u>Simon</u> complaints, for purposes of their allegations only, are incorporated by reference herein and attached as Exhibits G and H to this Complaint.

17. Upon information and belief, PLT has assumed all of Jeneric Pentron's obligations and liabilities that are at issue in this lawsuit, including all liabilities relating to the dental alloys manufactured by Jeneric Pentron that contained beryllium supplied by Brush. PLT is a defendant in the <u>Millangue</u> case, and has moved to be substituted into the <u>Simon</u> case.

18. At the time the plaintiffs in the <u>Millangue</u> and <u>Simon</u> cases were allegedly injured and at the time their complaints were filed, the indemnification and hold harmless agreements between Brush and Jeneric Pentron were in full force and effect and binding on the Defendants.

19. As co-defendants in the <u>Millangue</u> and <u>Simon</u> cases, Defendants had notice of the claims brought and pending against Brush.

20. Brush is incurring and has incurred costs, expenses, and attorney's fees in defending the <u>Millangue</u> and <u>Simon</u> complaints, and, in the event that the plaintiffs in these actions are successful in their claims against Brush, may become subject to further liability, costs, expenses, and attorney's fees.

21. Under the express terms of the Indemnification Certificates, Brush is entitled to be held harmless and reimbursed for the attorney's fees and costs it has incurred and is incurring

in defending against the <u>Millangue</u> and <u>Simon</u> actions, and Brush would be entitled to full indemnification from Defendants for all of any judgment, verdict, or settlement payment in the <u>Millangue</u> and <u>Simon</u> actions.

22. Based on the Indemnification Certificates, Brush's counsel sent to Defendants' counsel in the <u>Millangue</u> case a letter demanding that Defendants hold Brush harmless and agree to indemnify Brush in accordance with their obligations under the Indemnification Certificates. The letter is incorporated by reference herein and attached as Exhibit I to this Complaint. Defendants failed and refused, and continue to refuse, to acknowledge their obligations to hold Brush harmless and indemnify Brush.

## COUNT I -- EXPRESS INDEMNIFICATION

23. Brush incorporates Paragraphs 1 through 22 of this Complaint.

24. Pursuant to Jeneric Pentron's contracts with Brush, Defendants are required to indemnify and hold Brush harmless with respect to the claims in the <u>Millangue</u> and <u>Simon</u> actions.

25. Jeneric Pentron breached its indemnity agreements with Brush by refusing to indemnify and hold Brush harmless with respect to the claims brought by the plaintiffs in <u>Millangue</u> and <u>Simon</u>.

26. Defendants are liable to Brush for the costs of defending the <u>Millangue</u> and <u>Simon</u> claims, including reasonable attorney's fees.

27. If it is found that Brush was responsible for any part of the damages claimed by the <u>Millangue</u> and <u>Simon</u> plaintiffs, or if Brush enters into a reasonable settlement agreement with the <u>Millangue</u> and <u>Simon</u> plaintiffs, then Brush is entitled to full indemnity from Defendants under the express indemnity agreements.

## COUNT II -- EQUITABLE INDEMNITY

28. Brush incorporates Paragraphs 1 through 27 of this Complaint.

29. Brush denies that it either caused or contributed to the damages alleged by the Millangue and Simon plaintiffs in their complaints. If there is any liability, the acts giving rise to liability were committed by Defendants and/or by others, not by Brush.

30. If, however, it is found that Brush was responsible for any part of the damages claimed by the plaintiffs, then Brush is entitled to equitable indemnity, apportionment of liability, and contribution from Defendants for the injuries and damages allegedly suffered by the plaintiffs, if any, and for reasonable attorney fees and costs incurred in defending the actions.

## COUNT III -- DECLARATORY RELIEF

31. Brush incorporates Paragraphs 1 through 30 of this Complaint.

32. An actual, substantial, and justiciable controversy has arisen between Brush and the Defendants with respect to the rights, obligations, and duties of the parties.

33. Brush contends that under the clear and express terms of the Indemnification Certificates, it is entitled to full indemnity from Defendants, and the Defendants are required to hold Brush harmless against any claims brought against Brush in the Millangue and Simon actions. Defendants dispute these obligations.

34. In order that the controversy between Brush and the Defendants be resolved, Brush requests that the Court declare the rights and other legal relations of Brush and the Defendants arising out of the Indemnification Certificates.

## DEMAND FOR RELIEF

WHEREFORE, Brush requests:

1. That this Court enter a judgment declaring that the Defendants must fully indemnify and hold harmless Brush against any claims, demands, losses, expenses (including

legal fees and costs), damages, lawsuits, judgments, settlement payments, and/or liability which Brush may incur as a result of the claims set forth in the complaints filed by the Millangue and Simon plaintiffs.

2. That the Court enter a Judgment awarding Brush reasonable attorney's fees, costs, and expenses incurred in the defense of the Millangue and Simon actions, as well as reasonable attorney's fees, costs, and expenses incurred in the prosecution of this action brought to enforce the indemnification agreements between Brush and the Defendants.

3. Such other and further relief as the Court deems just and proper.

Dated: November 12, 2003

              Respectfully submitted,

              *Brad A. Sobolewski*
              Jeffery D. Ubersax (0039474)
              Brad A. Sobolewski (0072835)
              Jones Day
              North Point
              901 Lakeside Avenue
              Cleveland, Ohio 44114
              (216)586-3939 (telephone)
              (216)579-0212 (facsimile)

              Attorneys for Plaintiff
              Brush Wellman Inc.