**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRUSH-WELLMAN, INC., | CASE NOS. 1:03-CV-02305 |
| Plaintiff, | 1:04-CV-00721 |
| vs. | MAGISTRATE JUDGE VECCHIARELLI |
| JENERIC/PENTRON, INC., *et al.*, | |
| Defendant. | **MEMORANDUM OF OPINION** |
| | 1:03-CV-02305, Doc. Nos. 86, 92 |
| | 1:04-CV-00721, Doc. No. 64 |

These cases are before the magistrate judge on consent of the parties. The cases were consolidated and involve the indemnification of plaintiff, Brush-Wellman, Inc. ("Brush"), by defendants, Jeneric/Pentron, Inc. ("J/P") and Pentron Laboratory Technologies, LLC ("Pentron Tech";[1] collectively, "Pentron"), in four cases ("the underlying cases") and Brush's litigation against Pentron in this court to enforce that indemnification ("the enforcement action"). The court has previously determined that Pentron must indemnify Brush's attorney's fees in the four underlying cases in the amount of $1,772,582.86. Memorandum of Opinion ("Memorandum"), July 2, 2008, Doc. No. 129.[2] The court has also determined that Pentron must indemnify Brush for its fees in the enforcement action, Case Nos. 1:03-CV-02305 and 1:04-CV-00721 in this court, in the amount of $312,264.06. *Id.* In total, therefore, Pentron must indemnify Brush for its

---

[1] Pentron Tech is the successor in interest to J/P.

[2] All document numbers in the text of this Memorandum relate to filings in Case No. 1:03-CV-02305.

attorney's fees in the total amount of $2,084,846.86.

Upon order of the court, the parties have briefed the matter of whether prejudgment interest should apply to the attorney's fees awarded Brush in the enforcement action.[3] That matter is now fully briefed. After examining the briefs, the court finds that prejudgment interest should be applied to the attorney's fees awarded in the enforcement action.

The court incorporates by reference the statement of facts in the court's July 2, 2008 Memorandum at 2-8.

Both parties concede that when a court awards compensatory damages, prejudgment interest on such damages is mandatory under Ohio law. *See* Plaintiff Brush-Wellman Inc.'s Memorandum, Doc. No. 125, pp. 1-2; Brief of Defendants, Soc. No. 126, p. 1. Ohio statutes require the payment of interest when a party has been awarded compensatory damages in tort or contract. *See* Ohio Rev. Code § 1343.03(A); *Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 692-93 (6th Cir. 2000). Ohio law also specifies the rate of interest to be paid when the parties have not otherwise specified an applicable rate of interest. *See* Ohio Rev. Code § 5703.47. The parties further stipulate that if pre-judgment interest is awarded, it accrues from the date that payment of an invoice or billing statement containing that amount was received by Brush's counsel or experts. Stipulation at 1.

The court ordered Pentron to pay Brush's attorney's fees in the enforcement action in part because the indemnification certificates that require Pentron to indemnify Brush's

---

[3] Pentron has already stipulated that if the court determines it must indemnify Brush for its attorney's fees in the four underlying cases, then prejudgment interest is due Brush for those fees. *See* Stipulation, Doc. No. 124, p. 1.

legal fees mandate that Pentron pay Brush's attorney's fees in the enforcement action.[4] Thus, the indemnification of Brush's legal fees in the enforcement action is an item of compensatory damages. As already discussed, Ohio law requires Pentron to pay prejudgment interest on compensatory damages. Pentron, therefore, must pay prejudgment interest on Brush's attorney's fees in the enforcement action. Further, Pentron must pay that interest at the rate specified by Ohio Rev. Code § 5703.47, since the parties have not otherwise agreed to a rate of interest to be paid. Finally, as per the parties' stipulation, Pentron must pay prejudgment interest accruing from the date that payment of an invoice or billing statement containing that amount was received by Brush's counsel or experts.

The court will issue a final judgment incorporating this decision and the decision announced in its previous Memorandum.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli  
Nancy A. Vecchiarelli  
U.S. Magistrate Judge

Date: July 9, 2008

---

[4] The court also ordered Pentron to pay Brush's attorney's fees in the enforcement action in part because Ohio law requires an indemnitor who loses an action to enforce an indemnity clause to pay the indemnitee's legal fees in the enforcement action. Pentron argues that when an indemnitor is required to pay legal fees in an enforcement action by operation of Ohio law, the court has discretion to decide whether to award prejudgment interest on such legal fees. Even if this had been the only basis for requiring Pentron to indemnify Brush for its legal fees, the court would have required the payment of prejudgment interest to make Brush whole. Brush should not have had to litigate this case.